J-S63043-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| VINCENT ANDREW WILSON, | : | |
| Appellant | : | No. 1738 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 15, 2019
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002582-2017

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 17, 2020**

Vincent Andrew Wilson (Appellant) appeals from the May 15, 2019 judgment of sentence entered following the revocation of his parole. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

We glean the following facts from the record.  On April 12, 2017, a criminal complaint was filed against Appellant, charging him with receiving stolen property, unauthorized use of a motor vehicle,[1] and possession of

_____

[1] This charge was subsequently withdrawn.

[*] Retired Senior Judge assigned to the Superior Court.

marijuana. On May 11, 2017, Appellant entered into a negotiated guilty plea and agreed to plead guilty to receiving stolen property in exchange for a sentence of 6 to 23 months of incarceration and the payment of restitution. Appellant was sentenced accordingly on the same day.[2] Appellant was paroled to an address in the state of Delaware in October 2017. N.T., 5/15/2019, at 6. He was arrested at least two times in Delaware after his release. *Id*. at 7.

Thus, on February 9, 2018, a bench warrant was issued for Appellant for violating several terms of his parole in the instant case. A *Gagnon I*[3] hearing was held on April 2, 2018. On May 15, 2019,[4] a *Gagnon II* hearing was held, where Appellant stipulated to the parole violations. N.T., 5/15/2019, at 4. The revocation court revoked Appellant's parole and sentenced him to his full backtime of 390 days of incarceration. *Id*. at 7.

Appellant did not file a post-sentence motion, and timely filed a notice of appeal. The revocation court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and in lieu thereof, on July 2, 2019, counsel for Appellant filed a

---

[2] Appellant received credit for time served from April 12, 2017, to the date of sentencing. Thus, his maximum sentence would expire on March 12, 2019.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (outlining the procedure for the revocation of probation and parole).

[4] Although the record is not entirely clear as to why there was such a long delay between hearings, it appears the delay was related to the fact that Appellant was serving a sentence in the state of Delaware.

statement of intent to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). The revocation court declined to file a responsive opinion, citing counsel's notice of intent to file an ***Anders*** brief. ***See*** Revocation Court Opinion, 7/8/2019.

Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has complied substantially with the technical requirements set forth above.[5] Therefore, we now have the responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

We begin with the issue set forth by counsel, which counsel avers may arguably support an appeal: "[w]hether the term of full backtime imposed herein, instead of a sentence of time served, is harsh and excessive under the circumstances due to its adverse impact on his sentence in the state of Delaware involving treatment for his serious drug addiction." **Anders** Brief at 3 (capitalization altered). Because this issue involves a challenge to the discretionary aspects of Appellant's sentence, we bear in mind the following.

---

[5] Appellant has not filed a response to counsel's petition.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant timely filed a notice of appeal. However, our review of the record reveals that Appellant did not properly preserve this issue at sentencing or by filing a post-sentence motion. Accordingly, Appellant has not preserved this issue for our review, and he is not entitled to relief. *See Commonwealth v. Rhoades*, 8 A.3d 912, 915 (Pa. Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion).

We now conduct a "simple review of the record," *Dempster*, 187 A.3d at 272, and in doing so point out that the instant case involves the revocation of parole, which we consider mindful of the following.

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

**Commonwealth v. Kalichak**, 943 A.2d 285, 290-91 (Pa. Super. 2008) (internal citations omitted).

Instantly, Appellant stipulated to the violations of his parole. N.T., 5/15/2019, at 4. Moreover, at the **Gagnon II** hearing, the revocation court pointed out that Appellant was convicted of new crimes in Delaware, which is a legally sufficient justification to recommit Appellant. **See Kalichak**, **supra**. Thus, any challenge to the revocation of parole or recommitment to serve backtime is without merit.

Based upon the foregoing, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. Additionally, "[a]fter conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Dempster*, 187 A.3d at 273. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/20